[773 NYS2d 77]

In the Matter of Edwin E. Drakes (Admitted as Edwin Eustace Drakes), an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, March 1, 2004

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing five charges of professional misconduct and a supplemental petition containing an additional three charges. Charge Three of the petition was subsequently withdrawn. The respondent admitted all of the factual allegations contained in Charge One of the petition, and Charges One, Two, and Three of the supplemental petition. He admitted in part, and denied in part the factual allegations contained in the remaining charges. The petitioner's case consisted of four exhibits and the testimony of one witness. The respondent did not testify or present any evidence on his own behalf. At the conclusion of the hearing, the Special Referee sustained Charge One, partially sustained Charge Two, failed to sustain Charge Four, and sustained Charge Five and all of the charges in the supplemental petition. The petitioner now moves to confirm in part and dissafirm in part the Special Referee's report, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has not submitted any papers in opposition or in response to the motion.

Charge One alleges that the respondent failed to comply with a lawful order of the United States Bankruptcy Court for the Eastern District of New York, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By order dated November 4, 1999, in a matter entitled *In re Lee Holmes*, United States Bankruptcy Judge Laura Taylor

Swain directed the respondent to refund to Mr. Holmes all fees paid to him. Judge Swain also directed the respondent to file, within 35 days, a statement certifying his compliance with the order. On December 13, 2000, the respondent refunded $750 to Mr. Holmes pursuant to Judge Swain's order, but he failed to submit a statement certifying his compliance with that order.

Charge Two alleges that the respondent failed to comply with a lawful order of the United States Bankruptcy Court for the Eastern District of New York, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By order dated January 5, 2000, in a matter entitled *In re Adeline D. Laguerre,* United States Bankruptcy Judge Laura Taylor Swain directed the respondent to refund to Ms. Laguerre all fees paid to her. Judge Swain also directed the respondent to file, within 35 days, a statement certifying his compliance with the order. The respondent did not submit a statement certifying his compliance with the order.

Supplemental Charge One alleges that the respondent failed to reregister as an attorney with the Office of Court Administration, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), and Judiciary Law § 468-a (2).

On May 17, 1995, the respondent was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court in the Second Judicial Department. As an admitted attorney, he was required to register with the Office of Court Administration, pursuant to Judiciary Law § 468-a (1) and 22 NYCRR 118.1 (b), and to reregister on a biennial basis, pursuant to Judiciary Law § 468-a (2) and 22 NYCRR 118.1 (b). In May 2001 the respondent failed to reregister as an attorney with the Office of Court Administration, as required.

Supplemental Charge Two alleges that the respondent failed to comply with a lawful order of the United States Bankruptcy Court for the Eastern District of New York, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By order dated August 21, 2002, in a matter entitled *In re Barbara A. Thomas,* the Honorable Dennis E. Milton of the United States Bankruptcy Court for the Eastern District of New York directed the respondent to refund to Ms. Thomas all

fees paid to her. Judge Milton also directed the respondent to file, within 30 days, a statement certifying his compliance with the order. The respondent failed to submit a statement certifying his compliance with Judge Milton's order.

Supplemental Charge Three alleges that the respondent failed to cooperate with a legitimate investigation by the petitioner into his alleged professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated January 4, 2002, counsel to the petitioner advised the respondent that a sua sponte investigation had been initiated based on his failure to reregister with the Office of Court Administration. In addition, counsel directed the respondent to reregister immediately, to submit proof of his reregistration, and to submit a written answer explaining his failure to reregister within 30 days. The respondent failed to reregister and failed to submit an answer or contact the petitioner in any manner.

By letter dated April 8, 2002, sent to the respondent's law office by certified and regular mail, counsel to the petitioner directed the respondent to submit a written answer within 10 days of his receipt thereof. The respondent failed to reregister and failed to submit an answer or contact the petitioner in any manner.

On October 9, 2002, the Grievance Committee received a complaint of professional misconduct from Stuart Paul Gelberg, Esq., who alleged that the respondent failed to comply with a lawful order of the United States Bankruptcy Court for the Eastern District of New York. By letter dated October 16, 2002, counsel to the petitioner advised the respondent that the petitioner had initiated an investigation based on the allegations in Mr. Gelberg's complaint. In addition, counsel directed the respondent to submit a written answer to Mr. Gelberg's complaint within 10 days. The respondent failed to submit a timely written answer to the complaint, to request additional time to do so, or to contact the petitioner in any manner.

By letter dated November 8, 2002, sent to the respondent's law office by certified and regular mail, counsel to the petitioner directed the respondent to submit a written answer to Mr. Gelberg's complaint within 10 days of his receipt thereof. On November 25 and 27, 2002, and December 13 and 17, 2002, counsel telephoned the respondent's law office and left urgent messages directing him to call the petitioner's offices immediately. The respondent failed to do so.

By letter dated December 17, 2002, counsel directed the respondent to submit a written answer to Mr. Gelberg's complaint no later than January 6, 2003. On December 18 and 20, 2002, counsel again telephoned the respondent's law office and left urgent messages directing him to call the petitioner's offices immediately. The respondent failed to do so.

On January 21, 2003, counsel to the petitioner directed the respondent in person and by letter to submit a written answer to Mr. Gelberg's complaint no later than January 24, 2003. On January 28, 2003, the respondent submitted his written answer to the complaint.

Based on the evidence adduced at the hearing, including the respondent's admissions, Charge One of the petition and Charges One, Two, and Three of the supplemental petition were properly sustained by the Special Referee. Charge Two of the petition was properly sustained to the extent indicated. Charge Four was properly not sustained, and Charge Five should not have been sustained.

The respondent did not testify at the hearing or offer any evidence in mitigation.

The respondent's disciplinary history consists of four letters of caution and two admonitions, one of which was personally delivered.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and COZIER, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted to the extent that Charge One of the petition and Charges One, Two, and Three of the supplemental petition are sustained, Charge Two of the petition is partially sustained, and Charge Four is not sustained, and the motion is otherwise denied; and it is further, ordered that the respondent, Edwin E. Drakes, is suspended from the practice of law for a period of two years, commencing April 1, 2004, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months before the expiration of the two-year period upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR

691.10), and (c) otherwise properly conducted himself; and it is further, ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Edwin E. Drakes, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.